ELECTRONICALLY FILED
2013-Apr-30 14:32:10
60CV-13-1859

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
_____ DIVISION

DEBORAH J. FINKBEINER            PLAINTIFF

v.         CASE NO. _____

KOHL'S DEPARTMENT STORE, INC D/B/A
KOHL'S DEPARTMENT STORE #696           DEFENDANT

## COMPLAINT

COMES NOW the Plaintiff, Deborah J. Finkbeiner, by and through her attorney of record, COOK LAW FIRM, P.A., and for her cause of action against the above-named Defendant, respectfully states as follows:

### I.
### JURISDICTION AND VENUE

1. This claim is brought pursuant to this Court's jurisdiction over personal injury claims predicated on mental anguish and negligence, as granted by A.C.A. § 16-13-201. Plaintiff, Deborah J. Finkbeiner, has suffered losses and damages within the jurisdictional amount of this Court.

2. Venue is proper pursuant to A.C.A. § 16-60-112, given that the incident complained of herein occurred in Pulaski County, Arkansas.

### II.
### PARTIES AND SERVICE

3. At the time of the incident described further herein, Plaintiff Deborah J. Finkbeiner (hereafter "Plaintiff") is a resident of Little Rock, Pulaski County, Arkansas.

4. At all times relevant to this cause of action, and at the time of the incident

described further herein, Defendant Kohl's Department Store, Inc. d/b/a Kohl's Department Store #696 (hereafter "Kohl's #696") was a for profit Wisconsin corporation doing business in the State of Arkansas and can be served with process, via its agent at:

        Corporate Creations Network, Inc.
        609 SW 8th Street #600
        Bentonville, AR 72712

## III.
## STATEMENT OF FACTS

7. On or about November 27, 2012, at approximately 6:05 p.m., Plaintiff was a business invitee on the parking lot of the Defendant Kohl's Department Store located at: 13909 Chenal Parkway, Little Rock, Pulaski County, Arkansas. Plaintiff, Deborah J. Finkbeiner, was returning an item that she had purchased from Kohl's #696. As she approached the entrance on the Southside of the Department Store she noticed that it was darker than normal and no lights in the parking lot or near the entrance were lit. When she got to the sidewalk and attempted to step up, she missed the sidewalk because it was too dark and there wasn't enough light, and as a result, fell with such force that it caused Plaintiff to be in unbearable pain. In 2012, daylight saving time ended on November 4. Sunset on November 27, 2012 was at approximately 5:00 p.m. It is the belief of Plaintiff that the parking lot and entrance lights were still timed based on daylight saving time, which would mean the lights were timed to turn on at approximately 6:00 p.m. instead of 5:00 p.m.

9. Plaintiff was transported to St. Vincent Hospital in order gain control of the pain in her left arm and shoulder, and have the left arm and shoulder looked at for any injuries;

Original Complaint
Finkbeiner v. Kohl's
Page 2 of 6

10. Plaintiff sustained a transverse fracture of the surgical neck of the left humerus, and a separate fracture fragment of the greater tuberosity of the humeral head requiring Plaintiff to undergo surgery to place a metal plate and screw in her shoulder.

## IV.
## NEGLIGENCE OF DEFENDANT, KOHL'S DEPARTMENT STORE

Plaintiff hereby incorporates by reference all previous paragraphs as if fully set forth herein, and further asserts for her cause of action the following particulars:

11. Defendant, Kohl's #696, at all times prior to, and during the incident forming the basis of this lawsuit, was the owner and proprietor of the business premises described herein, holding itself out as a retail store open to the public;

12. Plaintiff was a patron and business invitee of Kohl's Department Store;

13. Defendant, Kohl's #696, breached the duty owed to Plaintiff by failing to use ordinary care and exercise reasonable diligence to maintain and secure the premises in a reasonably safe condition on the date of the incident forming the basis of this lawsuit;

14. Defendant, Kohl's #696, breached the duty owed to Plaintiff by failing to exercise reasonable diligence and ordinary care to render assistance to Plaintiff in order to prevent injury on the date of the incident forming the basis of this lawsuit; and

15. The negligent, careless and reckless acts and/or omissions of Defendant, Kohl's #696, consisted of one or more of the following, to wit:

    a. Failing to properly supervise the common areas in question so as to furnish to the Plaintiff a safe and level parking lot and sidewalk,

free from hazards which were recognized or should have been recognized by Defendant, Kohl's #696, as causing or likely to cause the serious physical harm to the Plaintiff, Debra L. Finkbeiner, and others;

b. Failing to maintain the above parking lot and sidewalk in a safe condition to insure that the Plaintiff would not be caused to slip and fall as a result of poor lighting which existed and which were known, or should have been known to the Defendant;

c. Failing to properly inspect the parking lot and sidewalk wherein the Plaintiff was caused to fall as a result of not ensuring proper lighting;

d. Failing to maintain the premises owned by the Defendant in good and safe condition for the Plaintiff and others;

e. Otherwise failing to exercise the degree of care required under the circumstances.

16. The negligence of unknown employees and staff of Defendant, Kohl's #696, for failing to use reasonable care to prevent the injury to Plaintiff is imputed to Kohl's Department Store as they were acting within the scope of their employment;

## V.
## DAMAGES FOR PLAINTIFF DEBRA FINKBEINER

17. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Debra J. Finkbeiner, sustained injuries including, but not limited to, the following:

    i. Transvers fracture of the surgical neck of the left humerus;

    ii. Fracture of the greater trochanter of the left humeral head;

    iii. Emotional distress.

18. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has incurred the following damages:

    i. Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of injuries resulting from the conduct of Defendant, Kohl's #696, as complained of herein, and such charges are reasonable and were usual and customary charges for such services in Pulaski County, Arkansas;

    ii. Necessary future medical care and expenses, which will in all reasonable probability be incurred in the future;

    iii. Physical pain and suffering in the past;

    iv. Mental anguish in the past;

    v. Physical pain and suffering in the future;

    vi. Mental anguish in the future;

    vii. Physical impairment in the past; and

    viii. Physical impairment, which, in all reasonable probability, will be suffered in the future;

19. By reason of the aforementioned, Plaintiff has suffered losses and damages in a sum to be proven at trial.

## VI.
## JURY DEMAND

20. Plaintiff respectfully demands a trial by jury.

## VII.
## PRAYER

WHEREFORE, Plaintiff Debra J. Finkbeiner prays for judgment against Defendant, Kohl's Department Store; that Plaintiff be awarded post-judgment interest at the maximum rate allowed by law; that Plaintiff be awarded costs of court, expenses and attorney fees; and that Plaintiff be granted all other legal and equitable relief to which she may be entitled.

Respectfully submitted,

COOK LAW FIRM, P.A.
8114 Cantrell Road, Suite 100
Pine Bluff, AR 72227
Telephone: (501) 255-1500
Facsimile: (501) 255-1116

Harold F. Cook, AR Bar No. 99118
JR Andrews, AR Bar No. 92041
Attorney for Plaintiff Vincent Williams